UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI HAWLEY and GERALD HAWLEY, individually and as wife and husband, 74 Wildflower Circle Gouldsboro, PA 18424-8720 | : : : : : | |
| Plaintiffs | : : | CIVIL ACTION NO. _____ |
| v. | : : | ASSIGNED TO JUDGE _____ |
| ION CEBOTARI 3265 Kirchoff Road, Apt. 320, Rolling Meadows, IL 60008 | : : : : | |
| v. | : : | |
| EFROS GROUP, LLC, individually and t/d/b/a EFROS TRANSPORTATION 1132 S. Hiddenbrook Trail Palatine, IL 60067-9105 | : : : : : | |
| AMAZON LOGISTICS, INC., t/d/b/a AMAZON LOGISTICS, LLC, c/o Corporation Service Company 251 Little Falls Drive Wilmington, DE 19808 | : : : : : : | |
| Defendants | : | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, come the Plaintiffs, Lori Hawley and Gerald Hawley, individually and as wife and husband, by and through their attorneys, Metzger, Wickersham, Knauss & Erb, P.C., and respectfully represent the following:

## FACTS APPLICABLE TO ALL COUNTS

1.     Plaintiffs, Lori Hawley and Gerald Hawley, are adult individuals who reside at 74 Wildflower Circle, Gouldsboro, Monroe County, Pennsylvania, 18424-8720.

2.     Defendant, Ion Cebotari, is an adult individual with a last known address of 3265 Kirchoff Road, Apartment 320, Rolling Meadows, Illinois, 60008.

3.     Defendant, Efros Group, LLC, individually and t/d/b/a Efros Transportation, is an Illinois corporation with a principal office and place of business at 1132 South Hiddenbrook Trail, Palatine, Illinois, 60067-9105.

4.     Defendant, Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC is a Delaware corporation with its principal office and place of business at 5214 1st Avenue S, Unit B, Seattle, Washington, 98108.

5.     Defendant, Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC is a Delaware corporation with a registered agent address of 251 Little Falls Drive, Wilmington, Delaware, 19808.

6.     At all times herein and material hereto, Defendant, Ion Cebotari was the duly authorized agent, servant, workman and/or employee of Defendant, Efros

Group, LLC, individually and t/d/b/a Efros Transportation, and/or Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC, acting within the course and scope of his employment, and their authority and/or for a purpose and/or for the benefit of Defendant, Efros Group, LLC individually and t/d/b/a Efros Transportation and/or Amazon Logistics, Inc, t/d/b/a Amazon Logistics, LLC.

7.      At all times relevant hereto, and at the time of the accident described herein, Defendant, Efros Group, LLC individually and t/d/b/a Efros Transportation and/or Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC, controlled and had a right to control the manner in which Defendant, Ion Cebotari, performed his employment duties, including the operation of his tractor-trailer on the highway and all other aspects of his employment.

8.      This Court has jurisdiction of this action under 28 U.S.C. §1332, Diversity of Citizenship.

9.      The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

10.     The facts and circumstances hereinafter set forth occurred on November 28, 2016, at or about 11:09 a.m. on Interstate 80, Stroud Township, Monroe County, Pennsylvania.

11.    At the aforesaid time and place, Plaintiff, Gerald Hawley, was the owner and operator of a 2004 Ford Taurus bearing Pennsylvania License Plate No. JPH1106.

12.    At the aforesaid time and place, Plaintiff, Lori Hawley, was a right front seat passenger in the vehicle being operated by Plaintiff, Gerald Hawley.

13.    At the aforesaid time and place, Defendant, Ion Cebotari, was the operator of a 2014 Freightliner truck bearing Indiana License Plate No. 2427076.

14.    At the aforesaid time and place, the 2014 Freightliner truck operated by Defendant, Ion Cebotari, was leased through Penske Truck Leasing.

15.    At the aforesaid time and place, the 2014 Freightliner was pulling a semi-trailer with a State of Oregon Tag Number HV17392 which was owned by Defendant Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC.

16.    At the aforesaid time and place, Plaintiffs were traveling eastbound on Interstate 80 in the area of the 302 exit, Stroud Township, Monroe County, Pennsylvania and were in the right lane.

17.    At the aforesaid time and place, Defendant Cebotari was also traveling eastbound on Interstate 80, Stroud Township, Monroe County, Pennsylvania and was positioned in the left lane.

18.    At the aforesaid time and place, Defendant Cebotari was operating the 2014 Freightliner truck and trailer with the permission of Defendants, Efros Group,

LLC, individually and t/d/b/a Efros Transportation; and/or Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC, and within the scope of his authority and employment with said Defendants, which controlled and had the right to control his operation of the tractor and trailer under applicable governmental laws and regulations.

19.     At the aforesaid time and place, Defendant Cebotari was next to Plaintiffs' vehicle, and began to merge into the right lane without clearance and struck Plaintiffs' vehicle.

20.     At the aforesaid time and place, the force of this collision caused Plaintiffs' vehicle to spin counter clockwise and spin in front of the truck and trailer operated by Defendant Cebotari. Plaintiffs' vehicle was then pushed in the roadway by Defendant Cebotari until it was driven into a grass median where it came to a final rest.

21.     As a result of the collision, Plaintiffs, Lori Hawley and Gerald Hawley, sustained injuries and damages.

## COUNT I
## <u>Lori Hawley v. Ion Cebotari</u>
## <u>Negligence</u>

22.     Paragraphs 1 through 21 hereof are incorporated herein by reference as if fully set forth.

23.     Defendant, Ion Cebotari, either individually and/or jointly and severally, owed a duty to Plaintiff, Lori Hawley, and other lawful users of the roadways in the Commonwealth of Pennsylvania to operate the vehicle he was driving in such a way as not to cause harm or damage to the Plaintiff.

24.     The aforesaid collision was the direct and proximate result of the negligence of the Defendant, Ion Cebotari, either individually and/or jointly and severally, in operating the 2014 Freightliner tractor-trailer in a careless and negligent manner as follows:

      a.     Failing to drive his vehicle in a single lane of travel and moving his vehicle from that lane when not safe to do so in violation of 75 Pa. C.S.A. §3309 and applicable law;

      b.     Overtaking and passing another vehicle when such movement could not be made with safety in violation of 75 Pa. C.S.A. §3303 and applicable law;

      c.     Failing to safely pass in violation of 75 Pa. C.S.A. §3303 and applicable law;

      d.     Failing to safely merge;

      e.     Driving his vehicle at an unsafe speed under the conditions and hazards existing in violation of 75 Pa. C.S.A. §3361 and applicable law;

      f.     In failing to have his vehicle under proper and adequate control;

      g.     In failing to observe Plaintiffs' vehicle on the roadway;

      h.     In failing to keep a reasonable look-out for other vehicles lawfully on the road;

i. In failing to yield the right-of-way to traffic already upon the roadway;

j. In failing to use appropriate signals indicating movement out of his lane of travel;

k. Moving his vehicle from one traffic lane to another before such movement could be made with reasonable safety in violation of 75 Pa. C.S.A. §3334 and applicable law;

l. Failing to signal in any way his movement between lanes;

m. Improperly changing lanes;

n. Operating his vehicle at an excessive rate of speed under the circumstances;

o. Exceeding the maximum speed limit in violation of 75 Pa. C.S.A. §3362 and applicable law;

p. In operating the vehicle so as to create a dangerous situation for other vehicles on the roadway;

q. Carelessly passing and/or changing lanes;

r. Cutting off the Plaintiffs' vehicle;

s. Not being familiar with the route of travel or not utilizing proper directions;

t. Failing to give warning to Plaintiff of his impending collision with Plaintiffs' vehicle;

u. Failing to drive in the right lane in violation of 75 Pa. C.S.A. §3313 and applicable law;

v. Moving the vehicle he was operating when not safe to do so in violation of 75 Pa. C.S.A. §3333 and applicable law;

w.   Operating the tractor-trailer while tired, fatigued and/or under a physical or mental condition that impaired his ability to safely operate the vehicle in violation of 49 CFR §392.3 and applicable law;

x.   Changing lanes without taking necessary precautions to ensure that lane was clear of traffic;

y.   Failing to keep his vehicle under proper and adequate control so as not to expose other users to an unreasonable risk of harm;

z.   Failing to pay attention or keep alert for other vehicles on the roadway;

aa.   Failing to obey traffic control devices in violation of 75 Pa. C.S.A. 3111 and applicable law;

bb.   Failing to apply the brakes to the vehicle he was operating or take other evasive action to avoid a collision with Plaintiffs' vehicle;

cc.   Failing to ensure and take precautions that no vehicles were in any blind spots;

dd.   Failing to keep the vehicle within the proper lane;

ee.   Colliding with Plaintiffs' vehicle;

ff.   Operating his vehicle while distracted;

gg.   Operating his vehicle while using an interactive wireless communications device in violation of 75 Pa. C.S.A. §3316 and applicable law;

hh.   Operating his vehicle in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S.A. §3714 and applicable law;

ii.   Texting while driving in violation of 75 Pa. C.S.A. §1621 and 49 C.F.R. §392.80 and applicable law;

jj.   Operating his vehicle was using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and 49 C.F.R. §392.82 and applicable law;

kk.   Failing to comply with commercial driver requirements in violation of 75 Pa. C.S.A §1601, et seq. and applicable law;

ll.   Failing to operate his vehicle with a higher standard of care as required by a commercial driver;

mm.   Operating his vehicle at an unsafe speed in violation of Part 392.6 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulations;

nn.   Failing to comply with the operating rules of Pennsylvania or of the U.S. Department of Transportation Federal Motor Carrier Safety Reglations in violation of 49 CFR §392.2;

oo.   Driving the Freightliner when not qualified to do so in violation of 49 CFR §391.11;

pp.   Failing to have the knowledge and skills necessary to operate the Freightliner safely in violation of 49 CFR §383.110; 49 CFR §383.111(a), (b), (c); and 49 CFR §383.113.

25.   As a direct and proximate result of the collision and the negligent and careless conduct of Defendant, Ion Cebotari, either individually and/or jointly and severally, Plaintiff, Lori Hawley, sustained and in the future may sustain, serious and debilitating injuries, some of which are or may be permanent, an aggravation and/or exacerbation of pre-existing conditions, and which include, but are not limited to, the following:

a.   Neck pain/injury;
b.   Back pain/injury;

c.  Bilateral leg pain/injury;
d.  Right shoulder pain/injury;
e.  Left hip pain/injury;
f.  Right-sided facial numbness with right eyelid drop;
g.  Headaches;
h.  Neuralgia of right side;
i.  Unsteady gait;
j.  Fatigue;
k.  Post-traumatic hematoma on right breast;
l.  Lightheadedness;
m.  Radiculopathy;
n.  Nausea;
o.  Sleep disturbance;
p.  Right arm pain/injury.

26.  As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Ion Cebotari, either individually and/or jointly and severally, Plaintiff, Lori Hawley, has undergone and in the future will undergo physical pain, mental anguish, discomfort, inconvenience, distress, embarrassment and humiliation, past, present and future loss of her ability to enjoy the pleasures of life and limitations in her pursuit of daily activities for which damages are claimed.

27.  As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Ion Cebotari, either individually and/or jointly and severally, Plaintiff, Lori Hawley, has and/or may in the future incur expenses for medical treatment, surgery and rehabilitation for which damages are claimed.

28.  As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Ion Cebotari, either individually and/or jointly and

severally, Plaintiff, Lori Hawley, has and/or may in the future incur a loss of income, a loss of future earning capacity, loss of future productivity, loss of household services, and other economic damages for which damages are claimed.

29.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Ion Cebotari, either individually and/or jointly and severally, Plaintiff, Lori Hawley, has sustained a permanent serious impairment which will require future medical treatment and medical appliances for which damages are claimed.

30.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Ion Cebotari, either individually and/or jointly and severally, Plaintiff, Lori Hawley, has and/or may in the future incur a loss of household services and other economic damages for which damages are claimed.

31.    As a direct and proximate result of the aforesaid collision and the negligence and carelessness of Defendant, Ion Cebotari, either individually and/or jointly and severally, Plaintiff, Lori Hawley, sustained incidental costs and losses to include, but not limited to, mileage and transportation costs, past and future medication costs and medical appliance costs for which all damages are claimed.

32.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Ion Cebotari, either individually and/or jointly and

severally, Plaintiff, Lori Hawley, has been, or may in the future be, scarred, deformed and disfigured for which damages are claimed.

33.     As a result of the collision, Plaintiffs' insurance carrier, Farmers Insurance Company (Mid-Century Insurance Company), paid approximately $2,375.57 towards property damage and related claims and Farmers Insurance Company will be pursuing a subrogation claim against Defendants for that amount.

WHEREFORE, Plaintiff, Lori Hawley, demands judgment in her favor and against Defendant, Ion Cebotari, either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT II
### Lori Hawley v. Efros Group, LLC, individually and t/d/b/a Efros Transportation
### Vicarious Liability/Respondeat Superior/Agency/Negligence

34.     Paragraphs 1 through 33 hereof are incorporated herein by reference as if fully set forth.

35.     At all times relevant hereto, Defendant, Ion Cebotari, was an employee, servant, workman and/or agent of Defendant, Efros Group, LLC, individually and t/d/b/a Efros Transportation, and was acting within the scope of his employment with Defendant, Efros Group, LLC, individually and t/d/b/a Efros

Transportation. Defendant, Efros Group, LLC, individually and t/d/b/a Efros Transportation, is therefore vicariously liable for Defendant Cebotari's acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

36. In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant, Efros Group, LLC, individually and t/d/b/a Efros Transportation, either individually and/or jointly and severally, was also negligent and careless as follows:

a. Failing to properly train its employees, servants, workmen and/or agents in the operation of its vehicles;

b. Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its vehicles;

c. Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

d. Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its vehicles;

e. Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its vehicles;

f. Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen and/or agents;

g.      Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.      Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.      Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its vehicle, due to lack of training, licensing and/or prior unsafe driving;

j.      Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k.      Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l.      Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m.      Failing to enforce its employee manuals and/or training procedures;

n.      Failing to enforce both the written and unwritten policies of Efros Group, LLC, individually and t/d/b/a Efros Transportation;

o.      Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Efros Group, LLC, individually and t/d/b/a Efros Transportation;

p.   Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

q.   Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

r.   Failing to ensure that its employees, servants, workmen, agents, contractors and/or apparent agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s.   Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

t.   Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u.   Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law;

v.   Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13;

w.   Having commercial vehicle operators who do not have the required knowledge or skill to safely operate its vehicles in violation of 49 C.F.R. §383.111-383.113;

x.   Allowing its employee, servant, workman and/or agent to operate its vehicle in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S. §3714 and applicable law;

y.   Allowing its employee, servant, workman and/or agent to operate its vehicle while tired, fatigued and/or under a physical or mental condition that impaired its driver's ability to safely

operate the vehicle in violation of 49 CFR §392.3 and applicable law;

z.    Allowing its employee, servant, workman and/or agent to operate its vehicle while distracted;

aa.    Failing to ensure the carriers with whom they contract or ship with that they provide competent drivers to ship its goods and not endanger other motorists;

bb.    Failing to instruct its employee, servant, workman and/or agent to not operate the vehicle while distracted;

cc.    Negligently entrusting a motor vehicle to an individual who had not been properly trained in the operation of its motor vehicle.

37.    As a result of the aforesaid negligence and carelessness of Defendant, Efros Group, LLC, individually and t/d/b/a Efros Transportation, either individually and/or jointly and severally, Plaintiff, Lori Hawley, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Lori Hawley, demands judgment in her favor and against Defendant, Efros Group, LLC, individually and t/d/b/a Efros Transportation, either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT III
### Lori Hawley v. Amazon Logistics, Inc., t/d/b/a
### Amazon Logistics, LLC
### Vicarious Liability/Respondeat Superior/Agency/Negligence

38.     Paragraphs 1 through 37 hereof are incorporated herein by reference as if fully set forth.

39.     At all times relevant hereto, Defendant, Ion Cebotari, was an employee, servant, workman and/or agent of Defendant, Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC, and was acting within the scope of his employment with Defendant, Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC.     Defendant, Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC is therefore vicariously liable for Defendant Cebotari's acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

40.     In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant, Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC, either individually and/or jointly and severally, was also negligent and careless as follows:

> a.     Failing to properly train its employees, servants, workmen and/or agents in the operation of its vehicles;
>
> b.     Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its vehicles;
>
> c.     Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

d.   Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its vehicles;

e.   Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its vehicles;

f.   Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen and/or agents;

g.   Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.   Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.   Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its vehicle, due to lack of training, licensing and/or prior unsafe driving;

j.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l.   Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m.   Failing to enforce its employee manuals and/or training procedures;

n.  Failing to enforce both the written and unwritten policies of Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC;

o.  Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC;

p.  Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

q.  Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

r.  Failing to ensure that its employees, servants, workmen, agents, contractors and/or apparent agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s.  Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

t.  Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u.  Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law;

v.  Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13;

w.  Having commercial vehicle operators who do not have the required knowledge or skill to safely operate its vehicles in violation of 49 C.F.R. §383.111-383.113;

x.     Allowing its employee, servant, workman and/or agent to operate its vehicle in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S. §3714 and applicable law;

y.     Allowing its employee, servant, workman and/or agent to operate its vehicle while tired, fatigued and/or under a physical or mental condition that impaired its driver's ability to safely operate the vehicle in violation of 49 CFR §392.3 and applicable law;

z.     Allowing its employee, servant, workman and/or agent to operate its vehicle while distracted;

aa.    Failing to ensure the carriers with whom they contract or ship with that they provide competent drivers to ship its goods and not endanger other motorists;

bb.    Failing to instruct its employee, servant, workman and/or agent to not operate the vehicle while distracted;

cc.    Negligently entrusting a motor vehicle to an individual who had not been properly trained in the operation of its motor vehicle.

41.    As a result of the aforesaid negligence and carelessness of Defendant, Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC, either individually and/or jointly and severally, Plaintiff, Lori Hawley, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Lori Hawley, demands judgment in her favor and against Defendant, Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC, either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT IV
### Gerald Hawley v. Ion Cebotari
### Loss of Consortium

42.    Paragraphs 1 through 41 hereof are incorporated herein by reference as if fully set forth.

43.    During all relevant times, Plaintiffs, Lori Hawley and Gerald Hawley, were wife and husband, and solely as a result of the collision, the aforesaid negligence and careless of Defendant, Ion Cebotari, and as a result of the injuries to Plaintiff, Lori Hawley, the Plaintiff, Gerald Hawley, has been deprived of the assistance, companionship, consortium and society of his wife and has lost her services to him which may continue indefinitely.

WHEREFORE, Plaintiff, Gerald Hawley, demands judgment in his favor and against Defendant, Ion Cebotari, either individually and/or jointly and severally, for the aforesaid damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT V
### Gerald Hawley v. Efros Group, LLC, individually and
### t/d/b/a Efros Transportation
### Loss of Consortium

44.    Paragraphs 1 through 43 hereof are incorporated herein by reference as if fully set forth.

45. During all relevant times, Plaintiffs, Lori Hawley and Gerald Hawley, were wife and husband, and solely as a result of the collision, the aforesaid negligence and careless of Defendant, Efros Group, LLC, individually and t/d/b/a Efros Transportation, and as a result of the injuries to Plaintiff, Lori Hawley, the Plaintiff, Gerald Hawley, has been deprived of the assistance, companionship, consortium and society of his wife and has lost her services to him which may continue indefinitely.

WHEREFORE, Plaintiff, Gerald Hawley, demands judgment in his favor and against Defendant, Efros Group, LLC, individually and t/d/b/a Efros Transportation, either individually and/or jointly and severally, for the aforesaid damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT VI
### Gerald Hawley v. Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC
### Loss of Consortium

46. Paragraphs 1 through 45 hereof are incorporated herein by reference as if fully set forth.

47. During all relevant times, Plaintiffs, Lori Hawley and Gerald Hawley, were wife and husband, and solely as a result of the collision, the aforesaid negligence and careless of Defendant, Amazon Logistics, Inc., t/d/b/a Amazon

Logistics, LLC, and as a result of the injuries to Plaintiff, Lori Hawley, the Plaintiff, Gerald Hawley, has been deprived of the assistance, companionship, consortium and society of his wife and has lost her services to him which may continue indefinitely.

WHEREFORE, Plaintiff, Gerald Hawley, demands judgment in his favor and against Defendant, Amazon Logistics, Inc., t/d/b/a Amazon Logistics, LLC, either individually and/or jointly and severally, for the aforesaid damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.


By: /s/ Zachary D. Campbell
Clark DeVere, Esquire
Attorney I.D. No. 68768
Zachary D. Campbell, Esquire
Attorney I.D. No. 93177
2321 Paxton Church Road
P.O. Box 69200
Harrisburg, PA 17106-9200
(717) 238-8187
(717) 234-9478 (fax)
zdc@mwke.com
Dated: November 8, 2018        Attorneys for Plaintiffs

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, Zachary D. Campbell, Esquire, hereby declare that I am the attorney for the Plaintiffs and that the facts in the foregoing Complaint, are true and correct to the best of my knowledge, information, and belief. I, Zachary D. Campbell, Esquire, further declare under the penalty of perjury that the foregoing is true and correct.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By: /s/ Zachary D. Campbell
   Clark DeVere, Esquire
   Attorney I.D. No. 68768
   Zachary D. Campbell, Esquire
   Attorney I.D. No. 93177
   2321 Paxton Church Road
   P.O. Box 69200
   Harrisburg, PA 17106-9200
   (717) 238-8187
   (717) 234-9478 (fax)
   zdc@mwke.com
Dated: Nov. 8, 2018  Attorneys for Plaintiffs